**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**Case No. 1:26-cv-01775-SES**

ERIEN FRAZIER,

*Plaintiff*,

vs.

HOFFENMER INC.,

*Defendant*.

______________________________________/

**DEFENDANT HOFFENMER INC.'S ANSWER AND DEFENSES TO PLAINTIFF FRAZIER'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Hoffenmer Inc. ("Hoffenmer"), pursuant to Fed. R. Civ. P. 12(a), submits its Answer to the pro se Complaint of Plaintiff Erien Frazier ("Frazier") [ECF No. 1]; pursuant to Fed. R. Civ. P. 8(b)-(c) and 12(b), submits its Affirmative Defenses and Other Defenses to the Complaint; and, pursuant to Fed. R. Civ. P. 38, submits its demand for jury trial.

Hoffenmer responds by denying each and every allegation not specifically admitted, denying the characterization in each and every heading in the Complaint, and by responding specifically to the numbered paragraphs of the Complaint as follows:

1. Hoffenmer admits that Frazier purports to bring this action under the TCPA and its implementing regulations but denies that Hoffenmer violated the TCPA or any regulation thereunder, and states that the referenced statute and regulations speak for themselves.

2. Denied.

3. Hoffenmer admits that Frazier purports to seek the relief described but denies that Frazier is entitled to any relief whatsoever.

4. Hoffenmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5. Hoffenmer admits that it is a business entity and that a "Federal Applications Processor" contact page lists the referenced address but denies that it conducts unlawful telemarketing and denies the remaining allegations of Paragraph 5.

6. Admitted, insofar as *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012), establishes that a complaint alleging a violation of the TCPA presents a federal question; otherwise denied.

7. Hoffenmer does not contest venue for purposes of this action only, but denies the remaining allegations of Paragraph 7, including that it transmitted any text messages to Frazier.

8. Hoffenmer does not contest personal jurisdiction for purposes of this action only but denies the remaining allegations of Paragraph 8.

9. Hoffenmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10. Hoffenmer admits that the Cellular Number appears in connection with U.S. DOT# 4163868 but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies the same.

11. Hoffenmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12. Hoffenmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13. Denied.

14. Denied.

15. Denied.

16. Hoffenmer admits that a public contact page for "Federal Applications Processor" lists the referenced address but denies that it transmitted any such messages to Frazier and denies the remaining allegations of Paragraph 16.

17. Denied.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent an answer is deemed required, denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Hoffenmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25. Denied as phrased; Hoffenmer denies that it sent any messages to Frazier.

26. Denied.

27. Denied.

**COUNT I**

**Violation of the TCPA — Do-Not-Call Registry**
**(47 U.S.C. § 227(C) and 47 C.F.R. § 64.1200(C))**

28. Hoffenmer re-asserts its responses to the prior paragraphs as though fully set forth herein.

29. Hoffenmer states that the referenced statute and regulation speak for themselves.

30. Denied.

31. Hoffenmer states that the referenced statute speaks for itself but otherwise denies that Frazier is entitled to any relief.

32. Hoffenmer states that the referenced statute speaks for itself but otherwise denies that Frazier is entitled to any relief, including any trebled award.

## COUNT II

## Violation of the TCPA — Internal Do-Not-Call Procedures (47 U.S.C. § 227(e) and 47 C.F.R. § 64.1200(d))

33. Hoffenmer re-asserts its responses to the prior paragraphs as though fully set forth herein.

34. Hoffenmer states that the referenced regulation speaks for itself.

35. Denied.

36. Hoffenmer states that the referenced statute speaks for itself but otherwise denies that Frazier is entitled to any relief.

## RESPONSE TO FRAZIER'S PRAYER FOR RELIEF

37. To the extent that a response is deemed necessary, Hoffenmer denies that Frazier is entitled to any of the relief sought in the Prayer for Relief, or to any relief whatsoever.

## HOFFENMER'S AFFIRMATIVE DEFENSES AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT

38. The following defenses are based on Hoffenmer's knowledge, information, and belief at this time. Hoffenmer specifically reserves the right to assert additional affirmative or other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts in the Complaint, Hoffenmer asserts and alleges the following affirmative and additional defenses. By setting forth these defenses, Hoffenmer does not assume the burden of

proving any fact, issue, or element of a cause of action where such a burden properly belongs to Frazier. All defenses are pled in the alternative and do not constitute an admission of liability or that Frazier is entitled to any relief whatsoever.

39. **Failure to State a Claim.** The Complaint fails to state a claim upon which relief can be granted.

40. **Prior Express Invitation or Permission.** Frazier is barred from asserting her claims because she provided Hoffenmer, or a third party acting with authority, with the requisite "prior express invitation or permission" to receive telephone solicitations of the type about which the Complaint complains.

41. **Established Business Relationship.** Frazier's claims are barred, in whole or in part, to the extent she maintained an established business relationship with the caller.

42. **Response to Customer Inquiry/Request.** Frazier's claims are barred, in whole or in part, to the extent that the messages at issue were made in response to a customer inquiry or request to be contacted, including in connection with her U.S. DOT registration.

43. **Calls Not "Telemarketing" or "Advertising."** The text messages allegedly sent to Frazier were not "telemarketing" or "advertising" within the meaning of the TCPA and its implementing regulations and, as such, Frazier's prior express invitation or permission was not required.

44. **Business Number.** Frazier's claims are barred, in whole or in part, to the extent the Cellular Number is a business number and not a residential number, to which the Do-Not-Call regulations at issue do not apply.

45. **Not a Residential Telephone Subscriber.** Frazier's Cellular Number does not qualify as a "residential telephone subscriber" line under the plain meaning of 47 U.S.C. § 227(c) and her claims under that subsection therefore cannot be maintained.

46. **Not on DNC Registry.** The messages allegedly sent to Frazier were not violations of the TCPA or any related regulations to the extent the Cellular Number was not registered on the National Do-Not-Call Registry or the Pennsylvania Do-Not-Call List at the time of the messages at issue.

47. **Safe Harbor.** Frazier's claims are barred, in whole or in part, by the TCPA's "safe harbor" provisions or defenses, including 47 C.F.R. § 64.1200(c)(2)(i), because any violation resulted from error and, notwithstanding such error, Hoffenmer, or any party acting on its behalf, maintains and implements written procedures reasonably designed to comply with the Do-Not-Call rules.

48. **Not Willful or Knowing.** Treble damages are unavailable because any conduct and/or violations of the law alleged against Hoffenmer are not sufficient to be "willful" or "knowing." To the extent any violation of the TCPA occurred, it

resulted from a *bona fide* error, notwithstanding procedures reasonably adopted to avoid such error, and therefore was not willful or knowing.

49. **Good Faith.** Frazier's claims are barred, in whole or in part, by Hoffenmer's good faith and/or good faith legal defense. Hoffenmer, or any party acting on its behalf, reasonably believed it had consent to send messages to the Cellular Number.

50. **Reasonable Reliance.** Frazier's claims are barred, in whole or in part, to the extent Hoffenmer, or any party acting on its behalf, reasonably relied on the consent of the intended recipient of the messages at issue.

51. **Third-Party/Vendor Conduct.** Frazier's claims are barred, in whole or in part, to the extent the messages at issue were sent by an unrelated third party or vendor without Hoffenmer's knowledge, authorization, direction, or control and for whose conduct Hoffenmer is not vicariously liable.

52. **No Vicarious Liability.** Hoffenmer is not vicariously liable for the acts of any third party, agent, or independent contractor that were not authorized, ratified, or controlled by Hoffenmer.

53. **Ratification.** Frazier's claims are barred, in whole or in part, by the doctrine of ratification and because Frazier acquiesced to any conduct engaged in by Hoffenmer.

54. **Waiver.** Frazier's claims are barred, in whole or in part, by the doctrine of waiver.

55. **Estoppel.** Frazier's claims are barred, in whole or in part, by her own conduct, actions, and inactions, which amount to and constitute an estoppel of all claims and relief sought.

56. **Unclean Hands.** Frazier is barred from asserting her claims, in whole or in part, to the extent they are subject to the doctrine of unclean hands.

57. **Laches.** Frazier's claims are barred, in whole or in part, by the doctrine of laches.

58. **Statute of Limitations.** To the extent any alleged violation occurred prior to the applicable limitations period, Frazier's claims are barred, in whole or in part, by the statute of limitations, 28 U.S.C. § 1658 and/or applicable law.

59. **No Proximate Cause.** Hoffenmer did not proximately cause any damage, injury, or violation alleged in the Complaint.

60. **No Actual Harm/Injury-in-Fact.** Frazier's claims are barred, in whole or in part, because she has not suffered any actual, concrete, and particularized harm or injury-in-fact as a result of any alleged act of Hoffenmer sufficient to confer standing.

61. **Lack of Standing.** Frazier lacks Article III and/or statutory standing to assert the claims alleged in the Complaint.

62. **Failure to State a Claim for Injunctive Relief.** Frazier has failed to state a claim for injunctive relief and has failed to allege facts establishing irreparable harm or a substantial likelihood of future injury.

63. **Adequate Remedy at Law.** Injunctive and/or equitable relief is inappropriate because Frazier has an adequate remedy at law.

64. **Failure to Mitigate Damages.** To the extent Frazier suffered any damages, she failed to take reasonable actions to avoid or reduce those damages, and any damages awarded must be reduced accordingly.

65. **Negligence/Comparative Fault.** Frazier's claims are barred, in whole or in part, to the extent her alleged damages resulted from her own negligence or fault.

66. **Unjust Enrichment.** Frazier's claims are barred because Frazier would be unjustly enriched if permitted to recover all or any part of the damages or remedies sought in the Complaint.

67. **Failure to Join Necessary Parties.** Frazier's claims are barred, in whole or in part, to the extent she has failed to join all necessary and indispensable parties under Fed. R. Civ. P. 19.

68. **Excessive Fines/Due Process.** Any award of statutory or treble damages under 47 U.S.C. § 227(c)(5) in an amount disproportionate to any actual

harm would violate the Due Process Clause of the Fifth Amendment and/or constitute an excessive and unconstitutional penalty.

69. **Constitutional Challenges.** To the extent applied to Hoffenmer's alleged conduct, the TCPA and its implementing regulations violate the First, Fifth, Sixth, Eighth, and Fourteenth Amendments and Article I of the United States Constitution.

70. **Non-Delegation Doctrine.** The TCPA represents an unconstitutional delegation of legislative authority from Congress to the FCC and is unenforceable pursuant to the non-delegation doctrine.

71. **No Private Right of Action.** There is no private right of action for one or more of the provisions or regulations under which Frazier has sued Hoffenmer, including 47 C.F.R. § 64.1200(d), to the extent asserted independently of 47 U.S.C. § 227(c).

72. **Improper Venue/Forum.** To the extent discovery reveals that a substantial part of the events did not occur in this District, Frazier's claims are subject to transfer or dismissal for improper venue.

73. **Set-Off/Recoupment.** Hoffenmer reserves the right to a set-off or recoupment against any amounts that may be found due to Frazier for any amounts owed by Frazier to Hoffenmer, including for services rendered.

74. **Reservation of Rights.** Hoffenmer reserves the right to amend this Answer and to assert additional affirmative or other defenses, including those that discovery may reveal to be applicable, and reserves all rights to seek dismissal, judgment on the pleadings, or summary judgment on any ground.

## DEMAND FOR JURY TRIAL

75. Pursuant to Federal Rule of Civil Procedure 38, Hoffenmer demands a trial by jury of any and all triable issues.

## HOFFENMER'S PRAYER FOR RELIEF AS TO FRAZIER'S COMPLAINT

76. Wherefore, with respect to Frazier's Complaint, Hoffenmer respectfully requests that this Court enter judgment in its favor and against Plaintiff as follows:

a. Ordering that Frazier shall receive no relief and shall take nothing by this action;

b. Permitting Hoffenmer to go hence without day;

c. Awarding Hoffenmer such attorneys' fees and costs as allowable by law; and

d. Granting Hoffenmer such other relief as the Court deems just and proper.

Dated: August 26, 2026

/s/ Adam P. Schwartz
Adam P. Schwartz
PA 76769

Carlton Fields, P.A.
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, FL 33607
Telephone: 813.223.7000
Fax: 813.229.4133
aschwartz@carltonfields.com